*144 OPINION OF THE COURT
Per Curiam.
By decision and order on motion of this Court dated October 18, 2013, the respondent was immediately suspended from the practice of law pursuant to Rules of the Appellate Division, Second Department (22 NYCRR) § 691.4 (1) (1) (i) and (iii), upon a finding that he was guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with lawful demands of the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts and other uncontroverted evidence of professional misconduct, and the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon a verified petition dated August 1, 2013. The petition contains three charges of professional misconduct alleging that the respondent converted funds entrusted to him by Avemm Corporation ($1,000,511.14) and Elaine McMahon ($155,384.57) in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15 (a) and 8.4 (h), and that he failed to cooperate with the Grievance Committee, in violation of Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (d) and (h).
The decision and order on motion of this Court dated October 18, 2013, which was personally served upon the respondent on October 22, 2013, directed him to serve an answer to the verified petition dated August 1, 2013, within 20 days after service of the decision and order on motion upon him. More than 20 days have elapsed without an answer to the petition, as directed, or a request for an adjournment.
The Grievance Committee now moves to impose such discipline upon the respondent as the Court deems appropriate, based upon his default. The respondent has neither opposed the Grievance Committee’s motion nor otherwise interposed any response thereto.
Accordingly, the Grievance Committee’s motion is granted, the charges in the verified petition are deemed established and, effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.
Eng, EJ., Mastro, Rivera, Skelos and Austin, JJ., concur.
Ordered that the petitioner’s motion is granted; and it is further,
Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Robert C. Fontanelli, admitted as *145 Robert Carl Fontanelli, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Robert C. Fontanelli, admitted as Robert Carl Fontanelli, shall continue to comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see Rules of App Div, 2d Dept [22 NYCRR] § 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, the respondent, Robert C. Fontanelli, admitted as Robert Carl Fontanelli, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Robert C. Fontanelli, admitted as Robert Carl Fontanelli, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to Rules of the Appellate Division, Second Department (22 NYCRR) § 691.10 (f).